JUDGE CASTEL

**14 CV 3160**

Louis Pechman
Jessica N. Tischler
Berke-Weiss & Pechman LLP
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@bwp-law.com
*Attorneys for Plaintiffs*

RECEIVED
MAY - 2 2014
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

HERNAN PESANTEZ, LUIS ZHININ, DAVID CEJA, :
NIKOL MAKAJ, JOSE MARQUEZ, EDISON TELLO, :
MANUEL TAPIA, JOSE TAPIA, ANGEL CEDILLO, :
GUILLERMO CEDILLO, and SEVERO VASQUEZ, on:
behalf of themselves and all others similarly situated, :
                                                        :
                         Plaintiffs,                    :
                                                        :
              -against-                                 :
                                                        :
1382 CAMPAGNOLA HOLDINGS CORP. d/b/a      :
CAMPAGNOLA, and LORI WILSON,               :
                                                        :
                         Defendants.                    :
-------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE
ACTION**

**ECF CASE**

Plaintiffs Hernan Pesantez, Luis Zhinin, David Ceja, Nikol Makaj, Jose Marquez,

Edison Tello, Manuel Tapia, Jose Tapia, Angel Cedillo, Guillermo Cedillo, and Severo

Vasquez ("plaintiffs"), on behalf of themselves and all others similarly situated, by their

attorneys Berke-Weiss & Pechman LLP, complaining of defendants 1382 Campagnola

Holdings Corp. d/b/a Campagnola and Lori Wilson  (collectively referred to herein as

"defendants" or "Campagnola"), allege:

## NATURE OF THE ACTION

1.     This action is brought to recover unpaid minimum and overtime wages,

and misappropriated tips, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et*

*seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").

2.      Defendants have systematically ignored the requirements of the FLSA and NYLL.  Plaintiffs seek compensation for unpaid minimum wages, unpaid overtime pay, misappropriated tips, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as Campagnola is located in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

5.      Hernan Pesantez resides in Brooklyn, New York.  He has been employed as a busboy at Campagnola from on or about 2011 through the present.  He is scheduled to work six days a week.  He regularly works the closing shift four days a week and the opening shift two days a week, for approximately forty-two hours a week.

6.      Luis Zhinin resides in Queens, New York.  He has been employed as a busboy at Campagnola from on or about 2001 through the present.  He is scheduled to work six days a week.  He regularly works the closing shift two days a week and the opening shift four days a week, for approximately forty-two hours a week.

7.      David Ceja resides in Queens, New York. He has been employed as a waiter at Campagnola from October 2011 through the present.  He is scheduled to work six days a week.  He regularly works the closing shift five days a week and the opening shift one day a week, for approximately forty-two hours a week.

8.     Nikol Makaj resides in Westchester County, New York. He has been employed as a waiter at Campagnola from on or about March 1997 through the present. He is scheduled to work five days a week. He regularly works the closing shift three days a week and the opening shift two times a week, for approximately thirty-five hours a week.

9.     Jose Marquez resides in Brooklyn, New York. He has been employed as a waiter at Campagnola from on or about 1988 through the present. He is scheduled to work five days a week. He regularly works the closing shift two days a week and the opening shift three days a week, for approximately thirty-five hours a week.

10.     Edison Tello resides in Bergen County, New Jersey. He has been employed as a waiter at Campagnola from on or about April 2003 through the present. He is scheduled to work six days a week. He regularly works the closing shift three days a week and the opening shift three days a week, for approximately forty-two hours a week.

11.     Manuel Tapia resides in Newark, New Jersey. He was employed as a busboy and waiter at Campagnola from on or about 1993 through May 2011. He was scheduled to work six days a week. He regularly worked the closing shift six days a week, for approximately forty-two hours a week.

12.     Jose Tapia resides in Queens, New York. He has been employed as a busboy at Campagnola from on or about 1996 through the present. He is scheduled to work six days a week. He regularly works the closing shift two days a week and the opening shift four days a week, for approximately forty-two hours a week.

13.     Angel Cedillo resides in Suffolk County, New York. He has been employed as a busboy and waiter at Campagnola from on or about 1985 through the

3

present. He is scheduled to work six days a week. He regularly works the closing shift six days a week, for approximately forty-two hours a week.

14. Guillermo M. Cedillo resides in Suffolk County, New York. He has been employed as a busboy at Campagnola from on or about 1986 through the present. He is scheduled to work six days a week. He regularly works the closing shift two days a week and the opening shift four days a week, for approximately forty-two hours a week.

15. Severo Vasquez resides in Queens, New York. He was employed as a busboy at Campagnola from on or about 2000 through the present. He is scheduled to work six days a week. He regularly works the closing shift three days a week, and works the opening shift for three times a week for approximately forty-two hours a week.

**Defendants**

16. Defendant 1382 Campagnola Holdings Corp. is a New York corporation that owns and operates Campagnola, a restaurant located at 1382 First Avenue, New York, New York 10021. Campagnola prepares and serves Italian food and alcoholic beverages for customers on its premises.

17. Defendant Lori Wilson ("Wilson") was an owner of Campagnola during the relevant time period, and is sued individually in her capacity as an owner, officer and/or agent of Campagnola. Wilson exercised sufficient control over Campagnola's operations to be considered plaintiffs' employer under the FLSA and NYLL, and at all times material herein established and implemented the pay practices at Campagnola.

COLLECTIVE ACTION ALLEGATIONS

18. The claims in this Complaint arising out of the FLSA are brought by plaintiffs on behalf of themselves and similarly situated persons (i.e. waiters and

4

busboys, and bartenders) who are current and former employees of Campagnola since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

19.     The FLSA Collective consists of over twenty (20) similarly situated current and former employees of Campagnola who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wage, tips that they earned, overtime, and other wages.

20.     The FLSA Collective consists of employees who, during their employment at Campagnola, fell into the category of non-exempt, non-managerial tipped employees who customarily and regularly earn more than $30.00 per month in tips and were required by defendants to participate in a tip-pooling scheme at Campagnola.  29 U.S.C. § 203(t).

21.     As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.  This policy and pattern or practice includes, *inter alia*, the following:

   a.   failing to pay employees the minimum wage for all hours worked;

   b.   failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

   c.   depriving the waitstaff of tips that they earned; and

22.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

23.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to plaintiffs and the FLSA Collective.

24.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Campagnola, are readily identifiable, and locatable through Campagnola's records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## THE UNLAWFUL RETENTION OF TIPS AT CAMPAGNOLA AND FAILURE TO PAY MINIMUM WAGE

25.    On July 24, 2007, the federal minimum wage was $5.85 per hour.  On July 24, 2008, the federal minimum wage increased to $6.55 per hour.  From July 24, 2009 to present, the federal minimum wage has been $7.25 per hour.

26.    On January 1, 2007, the New York State minimum wage was $7.15 per hour.  From July 24, 2009 to December 30, 2013, the New York State minimum wage was $7.25 per hour.  On December 31, 2013, the New York State minimum wage increased to $8.00 per hour.

27.    At any given time, Campagnola employs approximately nineteen (19) waiters, busboys, and bartenders (the "waitstaff") who fall under the category of "tipped employees" pursuant to the FLSA.

28.    The FLSA allows employers of "tipped employees" to apply a "tip credit" and pay their tipped employees at a reduced minimum wage rate.

29.    The FLSA and the NYLL provide that to be eligible to apply a "tip credit" and pay employees at the tipped minimum wage, employers must inform their tipped employees in advance that the tip credit will be applied and must allow employees to keep all the tips that they receive.

30.    Defendants did not provide notice to plaintiffs and the FLSA Collective prior to applying the tip credit.

31.     Under the FLSA and the NYLL, managers are prohibited from sharing in the tips received by "tipped employees." Section 196(d) of the NYLL provides that an employer cannot accept "any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

32.     Defendants established and imposed an unlawful tip pool upon its waitstaff, requiring them to pay a share of the tip pool to the General Manager of Campagnola, Salvatore Lombardi ("General Manager").

33.     The General Manager of Campagnola was allocated a full waiter's share of the tip pool and appears on the tip sheets of the restaurant as receiving a full waiter's share.

34.     Campagnola has had the same General Manager for over twenty (20) years. The General Manager has a business card and represented himself as the general manager to plaintiffs and patrons of Campagnola.

35.     The General Manager has been plaintiffs' "employer or agent of employer" within the meaning of the FLSA and NYLL, as he had, until on or about March 2014, the power to hire and fire plaintiffs, controlled plaintiffs' terms and conditions of employment, and exercised authority over the rate and method of any compensation of plaintiffs. For example, he hired Manuel Tapia, Nikol Makaj, and Luis Zhinin, Hernan Pesantez for waitstaff positions, and fired at least two busboys.

36.     For all times during which the General Manager took a cut from the tip pool, he exercised managerial responsibilities, such as directing the waitstaff's workflow and disciplining plaintiffs. He managed the front of the house during the lunch and dinner shifts. Until on or about March 2014, he established the work schedules for plaintiffs. For example, if plaintiffs needed a day off from work, they asked the General Manager and it was he who approved days off.

7

37. The General Manager also controlled promotions of the waitstaff from busboy to waiter. For example, plaintiff Guillermo Cedillo repeatedly asked the General Manager to be promoted but he refused. The General Manager did promote other waitstaff from busboy to waiter.

38. The General Manager performed *de minimis* table service for customers and wears a suit while the waitstaff wear black pants, a bow tie, apron, and white shirt.

39. The General Manager should not have received *any* share from the tip pool and as an "employer" within the meaning of the FLSA and NYLL, the retainment of tips deprives Campagnola from applying the tip credit.

40. In addition to taking gratuities belonging to the waitstaff and unlawfully diverting them to a manager, Campagnola paid an hourly wage below the tipped minimum wage.

41. From July 24, 2008 through July 23, 2009, the reduced minimum wage was $4.60. From July 24, 2009 through December 31, 2010, the reduced minimum wage increased to $4.65 per hour, and from January 1, 2011 until the present, the reduced minimum has been $5.00 per hour.

42. From 2008 through the end of 2011, plaintiffs received an hourly rate of $4.60, notwithstanding the increase, in 2009 and in 2011.

43. Since 2012, plaintiffs and the other waitstaff receive an hourly rate of $5.00.

44. Defendants failed to pay the minimum wage for the period from July 2008 through January 2012, and from 2012 to the present, defendants' improperly applied the tip credit because they failed to provide lawful notice in regard to the tip credit and established an illegal tip-pooling scheme at the restaurant. As such, they deprived plaintiffs and other similarly situated employees of the restaurant of their statutory

8

minimum wages under the FLSA and the NYLL and are not entitled to reduce the minimum wages of plaintiffs and the other waitstaff employed at the restaurant by applying the tip credit allowance that is available under the FLSA and NYLL.

## TIME SHAVING AT CAMPAGNOLA

45.     Campagnola only serves dinner, on weeknights from 5:00 p.m. until 12:00 a.m. and on Sundays from 5:00 p.m. until 11:00 p.m.

46.     Plaintiffs and the other waitstaff work either the opening shift from approximately 4:30 p.m. until approximately 11:30 p.m. for approximately seven hours or the closing shift from 5:30 p.m. until approximately 12:30 a.m. for approximately seven hours.

47.     From in or around 2006 until March 2014, regardless of the hours worked by plaintiffs, defendants paid exactly five hours per shift.

48.     From April 2014 to the present, defendants began to pay exactly six hours per shift.

49.     As result of this time shaving, regardless of how many hours worked by plaintiffs, plaintiffs' pay checks reflect hours worked in multiples of five, or as of April 2014, in multiples of six.

50.     For example, plaintiff Angel Cedillo worked either five or six days a week. Prior to April 2014, when he worked five days a week, his pay checks reflect exactly twenty-five hours, and when he worked six days a week, his pay checks reflect exactly thirty hours a week.  As of April 2014, when he works six days, his pay checks reflect exactly thirty-six hours a week.

## DEFENDANTS' FAILURE TO PAY OVERTIME PAY

51.    Campagnola does not pay plaintiffs and the waitstaff at the overtime rate of one and one-half (1½) times the regular hourly rate for all hours worked in excess of forty (40) hours per week.

52.    Although plaintiffs and the waitstaff are regularly scheduled to work over forty hours per week, they are paid a set amount of hours, amounting to between twenty-five and a maximum of thirty-six hours, depending on how many days they work.

53.    Despite working consistent schedules that often exceeded forty hours, plaintiffs' are not paid at a rate of one and one-half (1/2) times the regular hourly rate for hours worked over forty.

## DEFENDANTS' VIOLATIONS OF WAGE THEFT PREVENTION ACT

54.    The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire and also on or before February 1st of each subsequent year of employment, and an accompanying wage statement each time employees are paid.

55.    Defendants paid plaintiffs and the members of the FLSA Collective without providing a wage statement listing: the accurate number of regular hours worked, overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

56.    Plaintiff was never given a notice, either at the time of hire or on or before February 1st of each subsequent year of employment, as required by Section 195 of the New York Labor Law, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if

10

any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

57. Plaintiffs repeat and reallege paragraphs 1 through 56 as if fully set forth herein.

58. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

59. Defendants were required to pay to plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

60. Defendants were required to pay to plaintiff sand the FLSA Collective the applicable federal minimum wage rate.

61. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because, *inter alia*:

    a.    Defendants were required to but failed to inform plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

    b.    Defendants withheld a portion of plaintiffs' tips by permitting a manager to take a full waiter's cut after each shift.

62. Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

63.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the FLSA Collective.

64.    As a result of defendants' willful violations of the FLSA, plaintiffs and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

65.    Plaintiffs repeat and reallege paragraphs 1 through 64 as if fully set forth herein.

66.    Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiffs.

67.    Defendants failed to pay plaintiffs the minimum wages to which they are entitled under the NYLL.

68.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs minimum hourly wages.

69.    As a result of defendants' violations of the NYLL, plaintiffs are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

70.    Plaintiffs repeat and reallege paragraphs 1 through 69 as if fully set forth herein.

12

71.    Defendants are required to pay plaintiffs and the FLSA Collective one and one-half (1½) times the regular rate at which plaintiffs were employed for all hours worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

72.    Defendants have failed to pay plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

73.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs and members of the FLSA Collective overtime wages.

74.    Due to defendants' violations of the FLSA, plaintiffs and members of the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

75.    Plaintiffs repeat and reallege paragraphs 1 through 74 as if fully set forth herein.

76.    Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs one and one (1½) half times the regular rate of pay for all hours they worked in excess of forty (40).

77.    Defendants have failed to pay plaintiffs the overtime wages to which they were entitled under the NYLL.

78.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs overtime wages.

79.    Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## SIXTH CLAIM
**(New York Labor Law - Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)**

80.    Plaintiff repeats and realleges paragraphs 1 through 79 as if fully set forth herein.

81.    New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

82.    New York Labor Law § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

83.    At all times relevant, defendants demanded or accepted, directly or indirectly, or retained a portion of gratuities belonging to plaintiffs.

84.    At all times relevant, defendants have been agents or officers of a corporation within the meaning of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor regulations.

85.    By defendants' knowing or intentional demand for, acceptance of, and/or retention of the gratuities paid by customers, when such customers were led to believe that such mandatory charges would be paid to the waitstaff, defendants have willfully violated NYLL, Article 6 § 196-d and the supporting New York State Department of Labor Regulations.

14

86.    As a result of defendants' willful violations of the NYLL, plaintiffs are entitled to recover from defendants their unpaid wages, reasonable attorneys' fees, liquidated damages and pre-judgment and post-judgment interest.

**SEVENTH CLAIM**
**(New York Labor Law – Wage Theft Prevention Act)**

87.    Plaintiffs repeat and reallege paragraphs 1 through 86 as if fully set forth herein.

88.    Defendants failed to furnish to plaintiffs and the FLSA Collective a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191, and anything otherwise required by law; in violation of NYLL § 195(1).

89.    Due to defendants' violation of NYLL § 195(1), plaintiffs and the FLSA Collective are entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

90.    Defendants failed to furnish to plaintiffs and the FLSA Collective, with each wage payment, a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

91.    Due to defendants' violation of the NYLL, § 195(3), plaintiffs and the FLSA Collective are entitled to recover from the defendants liquidated damages of $100.00 per workweek.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves, the FLSA Collective respectfully request that this Court enter a judgment:

a.    authorizing the issuance of notice at the earliest possible time to all waitstaff employees who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b.    declaring that defendants have violated the minimum wage, and overtime provisions of the FLSA and the NYLL;

c.    declaring that defendants' violations of the FLSA and NYLL were willful;

d.    awarding plaintiffs and the FLSA Collective damages for unpaid minimum and overtime wages;

e.    awarding plaintiffs and the FLSA Collective damages for tips which were unlawfully collected and retained by the defendants;

f.    disgorging from defendants and order that the defendants remit back the amount of the tips misappropriated from the wages of plaintiffs and the FLSA Collective;

g.    awarding plaintiffs and the FLSA Collective, liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

16

h. awarding plaintiffs and the FLSA Collective liquidated damages as a result of defendants' failure to furnish a notice at the time of hiring and failure to provide a wage statement with the payment of wages pursuant to the NYLL;

i. awarding plaintiffs and the FLSA Collective, pre-judgment and post-judgment interest under the FLSA and the NYLL;

j. awarding plaintiffs and the FLSA Collective, reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

k. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
      May 2, 2014

BERKE-WEISS & PECHMAN LLP

By: _____
      Louis Pechman
      Jessica N. Tischler
      488 Madison Avenue - 11th Floor
      New York, New York 10022
      (212) 583-9500
      pechman@bwp-law.com
      *Attorneys for Plaintiffs*